```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PATRICIA GOUSGOULAS,

                Plaintiff,
                                          ORDER AND MEMORANDUM
        - against -
                                          15 Civ. 2582(NRB)
NATIONAL RAILROAD PASSENGER CORPORATION,
d/b/a AMTRAK,

                Defendant.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff sued her employer, National "Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., for injuries sustained when she fell at work. In advance of trial, the parties filed motions in limine. Oral argument on the record addressing the motions in limine was held on April 20, 2017.

One issue concerning evidence addressing plaintiff's retirement age remained following argument. Plaintiff's counsel has informed the Court that she will testify that she intended to work until age 66 and 3.5 months had she not been injured. To challenge that testimony and plaintiff's credibility, defendant seeks to introduce evidence that plaintiff would have been entitled to retire with partial benefits at age 62 and full benefits at approximately age 67 if she had continued working for Amtrak.

1

Plaintiff argues that such evidence is barred under the collateral source rule.[1] For the reasons set forth below, we find that defendant may introduce evidence concerning plaintiff's retirement options at different ages.

**I. DISCUSSION**

"The collateral source rule is a substantive rule of law that bars the reduction of an award by funds or benefits received from collateral or independent sources." King v. City of N.Y., No. 06 CIV. 6516SAS, 2007 WL 1711769, at *1 (S.D.N.Y. June 13, 2007). "The rule is intended to ensure that the availability of independent sources of income providing compensation does not reduce plaintiff's recovery." Id.

In Eichel v. New York Central Railroad Company, the Supreme Court applied the collateral source rule to a FELA case to exclude evidence of collateral benefits offered for purposes other than mitigating damages. The issue was whether the defendant railroad could introduce evidence that plaintiff was receiving disability payments in order to impeach plaintiff's testimony as to the permanency of his injuries and his motive for not returning to work. The Supreme Court held that the evidence was inadmissible:

> In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value

---

[1] The parties agree that defendant may rebut plaintiff's testimony by introducing statistical evidence regarding the age at which railroad workers with comparable work history typically retire.

2

and involving less likelihood of prejudice than the receipt of a disability pension. . . . It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact.

375 U.S. at 255–56 (citations omitted) (footnotes omitted). Thus, the "the general rule in FELA cases is that evidence of payments made to plaintiff from collateral sources is not admissible, though such evidence may be admissible if the plaintiff puts his financial status at issue." Santa Maria v. Metro-N. Commuter R.R., 81 F.3d 265, 272–73 (2d Cir. 1996).

Here, the issue is whether defendant may introduce evidence that plaintiff would have been entitled to retire at age 62 with partial benefits in order to impeach her testimony that she would have worked until age 66 and 3.5 months. As noted earlier, plaintiff argues that defendant's proffered evidence is barred by the Supreme Court's decision in Eichel and subsequent case law.

Eichel does not address the issue presented here. Eichel is a true collateral source case, and, even assuming that we could, we would not reach a different result.[2] Rather, as some of the cases citing Eichel recognize, future, hypothetical retirement benefits are not paradigmatic collateral source benefits. See,

---

[2] We also note that, according to the Second Circuit, "Eichel does not establish an absolute bar against the admission of [collateral source] evidence for purposes other than mitigation of damages." Mills v. Energy Transp. ¥Corp., 29 F. App'x 744, 745 (2d Cir. 2002).

3

e.g., Griesser v. Nat'l R.R. Passenger Corp., 2000 PA Super 1999, ¶ 23, 761 A.2d 606, 612 (2000) (noting that "evidence at issue is not 'classic' collateral source evidence"); see also Evans v. Union Pac. R.R. Co., No. 13-CV-1732-WJM-BNB, 2015 WL 1945104, at *2 (D. Colo. Apr. 29, 2015) (finding that "Plaintiff does not explain how evidence of the hypothetical possibility of retirement constitutes impermissible evidence of a receipt of benefits from a collateral source").

Nonetheless, we recognizes that there is a split in the cases. Compare Lee v. Consol. Rail Corp., No. CIV. A. 94-6411, 1995 WL 734108, at *5 (E.D. Pa. Dec. 5, 1995) (excluding evidence of age at which plaintiff could retire with full retirement benefits under Eichel), Norfolk S. Ry. Corp. v. Henry Tiller, 179 Md. App. 318, 944 A.2d 1272 (2008) (same), and Griesser, 2000 PA Super 1999, 761 A.2d at 609 (same), with Cowden v. BNSF Ry. Co., 980 F. Supp. 2d 1106, 1127 (E.D. Mo. 2013) (admitting evidence), Stevenson v. Union Pac. R.R. Co., No. 4:07CV00522BSM, 2009 WL 652932, at *3 (E.D. Ark. Mar. 12, 2009) (same); and Gaskins v. CSX Transp., Inc., No. 1:04-CV-2952-WBH, 2006 WL 6864633, at *9 (N.D. Ga. Sept. 5, 2006) (same).

However, we find that the above-cited cases excluding evidence of retirement benefits are distinguishable. Those cases all involved efforts by defendants to introduce evidence that the plaintiff would be entitled to receive *full* retirement benefits at

4

an age earlier than the plaintiff had maintained he would have retired. Thus, as the court in Griesser noted, the introduction of evidence on early retirement benefits could create a significant danger of misuse and jury confusion to plaintiff's prejudice. Griesser, 2000 PA Super 1999, ¶ 24, 761 A.2d at 612.

In contrast, here, the evidence provides an incentive for plaintiff to continue working until 66 and 3.5 months, as she proposes, since additional years of working will not only bring her additional earnings but will also increase her retirement benefits. Moreover, even the cases that rejected the proffered evidence acknowledge that defendants should be able to challenge a plaintiff's stated intended retirement age. Id. at 2000 PA Super 1999 ¶ 27, 761 A.2d at 613 ("We agree that Amtrak should be able to present evidence tending to show that Appellant would not work beyond age 60.").

Having found that Eichel is inapplicable, we find that the evidence is admissible under Federal Rule of Evidence 403. There is no question that the evidence is highly probative to the question of when plaintiff would have retired, which is the central issue in calculating plaintiff's lost future wages. In contrast, we do not find it likely that the evidence will confuse the jury or prejudice plaintiff. Since the retirement benefits are hypothetical rather than actual, there is no reason for the jury to offset plaintiff's award by the benefits she might have received

if she had not been injured. More importantly, as noted earlier, the evidence is in some ways helpful to plaintiff, since it provides a justification for her working beyond the minimum retirement age, namely, that she wished to retire with full rather than partial benefits. To the extent that the jury finds the evidence undermines plaintiff's credibility as to her intended retirement age, there is no *unfair* prejudice because such credibility determinations are well within the province of the jury.

Accordingly, we find that defendant may introduce evidence concerning plaintiff's retirement options at different ages. See Cowden, 980 F. Supp. 2d at 1127; Stevenson, 2009 WL 652932, at *3.

### III. CONCLUSION

For the reasons set forth above, defendant may introduce evidence concerning plaintiff's retirement options at different ages. The Clerk of the Court is directed to close Docket Nos. 38 and 40.

**SO ORDERED**

Dated: New York, New York
April 24, 2017

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

6